IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3081 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OFFICER SCHREINER, FRANK | ) | |
| FOSTER, Investigater, LAURA | ) | |
| SUHR, C.P.S, PEG SNELLER, | ) | |
| Hamilton Forensic Inteniuxi, | ) | |
| JENNIFER DENNIS, Child | ) | |
| Advocate, and LYNN AYERS, | ) | |
| Director Child Advocacy Center, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 18, 2014.  (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.)  The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff Samar Akins ("Plaintiff") purports to bring this action on behalf of himself and on behalf of his minor son, Michael Akins ("M.A."). (Filing No. 1 at CM/ECF p. 1.)  Liberally construed, Plaintiff alleges Officer Schreiner, Frank Foster, Laura Suhr, Peg Sneller-Hamilton, Jennifer Dennis, and Lynn Ayers violated his rights under the Federal Constitution's Equal Protection Clause, and also conspired to "obstruct justice" in violation of 42 U.S.C. § 1985(2).  Plaintiff also alleges Suhr violated his rights to free speech under the First Amendment.

As relief, Plaintiff seeks compensatory and punitive damages from each of the named defendants.  He also seeks relief as "this court sees fit." (Filing No. 1 at

CM/ECF pp. 6-7.) Plaintiff has sued the defendants in their individual capacities only. (*Id.* at CM/ECF p. 1.) The court will summarize the allegations Plaintiff makes against each defendant in the paragraphs below.

**A.     Schreiner**

Plaintiff alleges he contacted the Lincoln Police Department on April 14, 2014, to report that it was unsafe for M.A. to return to a home he shared with his mother. (*Id.* at CM/ECF p. 2.) Schreiner, an officer with the Lincoln Police Department, responded to the call. Plaintiff informed her that Ishmael Gutierrez ("Gutierrez") was present at M.A.'s mother's home, and a court order indicated that Gutierrez was to have no contact with M.A. Plaintiff alleges that Gutierrez had been accused of "inappropriately touch[ing] M.A." (*Id.*) Schreiner responded that "it was ok for the plaintiff to return his son home to his mother," and that she did not believe Gutierrez had touched M.A. inappropriately. (*Id.*) Plaintiff alleges Schreiner "clearly violated dept. policy and percedure [sic], and acted with personal prejudice and bias against the plaintiff." (*Id.*)

**B.     Foster**

Plaintiff alleges Foster, an investigator with the Family Crimes Unit, was assigned to investigate allegations that Gutierrez had inappropriately touched M.A. (*Id.* at CM/ECF p. 3.) Foster decided "not to investigate the case" because M.A. "did not make a disclosure" when he was interviewed about the allegations. (*Id.*) Plaintiff alleges M.A's refusal to disclose that he had been abused should not have been the only factor Foster considered when deciding whether to investigate. Plaintiff alleges Foster "acted with personal prejudice and bias against the plaintiff." (*Id.* at CM/ECF pp. 3-4.)

**C.     Suhr**

Plaintiff alleges Suhr, a caseworker with Child Protective Services, "closed her investigation" into allegations that Gutierrez had inappropriately touched M.A. (*Id.* at CM/ECF p. 5.) Suhr knew that M.A. was "sick with a fever" when he was interviewed about the allegations of abuse, but Suhr did "did nuthing [sic] to intervene." (*Id.*) Suhr was also the caseworker in a prior case in which Gutierrez was accused of inappropriately touching M.A. Plaintiff lodged a complaint against Suhr with her supervisor because Plaintiff was "dissatisfied with her actions and inactions in handling the [previous] case." (*Id.*) Plaintiff alleges Suhr "acted with personal prejudice and bias against the plaintiff." (*Id.* at CM/ECF pp. 5-6.)

**D.     Sneller-Hamilton**

Plaintiff alleges Sneller-Hamilton, the forensic interviewer assigned to investigate allegations that Gutierrez had abused M.A., used techniques "almost guaranteed to produce non disclosure [sic]." (*Id.* at CM/ECF p. 4.) She also interviewed M.A. when he was sick with a fever. Plaintiff alleges Sneller-Hamilton "acted with personal prejudice and bias against the plaintiff." (*Id.*)

**E.     Dennis**

Plaintiff alleges Dennis, an employee of Child Protective Services, knew M.A. was sick with a fever when he was interviewed by Sneller-Hamilton, and knew Sneller-Hamilton used interview techniques "designed to produce a non-disclosure." (*Id.*) Plaintiff alleges Dennis acted "with personal prejudice and bias" against Plaintiff. (*Id.*)

**F.     Ayers**

Plaintiff alleges he asked Ayers, the director of the Child Advocacy Center, to investigate the interview techniques employed by Sneller-Hamilton when she interviewed M.A. about the allegations of abuse. (*Id.* at CM/ECF p. 6.) She determined that Sneller-Hamilton did not violate "policy and procedures." (*Id.*) Plaintiff alleges Ayers acted "with personal prejudice and bias against the plaintiff." (*Id.*)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

A.   **Interests of Other Parties**

Plaintiff purports to bring this action on behalf of himself and his minor son. However, pro se litigants may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed.Appx. 630 (8th Cir. 2013). Moreover, in order for a plaintiff to proceed with his claims, he must have standing.  As a general rule, to establish standing a plaintiff must assert his legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975).  Accordingly, the court will only consider the claims Plaintiff Samar Akins raises on behalf of himself, and not those he purports to raise on behalf of his son.

B.   **Equal Protection**

Liberally construed, Plaintiff alleges violations of his equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution. (Filing No. 1 at CM/ECF p. 1 ("[A]ll the defendants above are white, and plaintiff . . . [is] Black, therefore plaintiff invokes the protection of the . . . . 14th Amen[dment] . . .").) The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  The clause essentially directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985).  To state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated to him. *Johnson v. City of Minneapolis,* 152 F.3d 859, 862 (8th Cir. 1998).

Plaintiff's equal protection claims fail for two reasons.  First, Plaintiff has not alleged that he was treated differently from others similarly situated to him.  Second, Plaintiff offers no facts in support of his claims that any of Defendants' actions were

motivated by racial animus. On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that states an equal protection claim upon which relief may be granted.

**C.   Retaliation**

Liberally construed, Plaintiff alleges that Suhr acted in retaliation for his complaints against her in violation of his rights under the First Amendment. (Filing No. 1 at CM/ECF p. 5 ("Suhr action [sic] can also be attributed to retaliation because the first time this happened Suhr was also the C.P.S. worker assigned to the case, and the plaintiff filed complaints against her with her supervisor and the inspector general because he was dissatisfied with her actions and inactions in handling the case.").) To establish a retaliation claim, a plaintiff must show that (1) he engaged in a protected activity; (2) a government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

As to the first element, when liberally construed, Plaintiff's allegations suggest that he exercised his rights to free speech when he filed complaints against Suhr. However, as to the second and third elements, Plaintiff has not alleged facts sufficient to state a retaliation claim upon which relief may be granted. Plaintiff has not alleged that Suhr took an "adverse action" against him. He merely alleges that she closed her investigation into the allegations of abuse because "a disclosure was not made" by Plaintiff's minor son. (*See* Filing No. 1 at CM/ECF p. 5.) As a pro se plaintiff, Akins may not assert the legal rights or interests of his minor child. *See Warth,* 422 U.S. at 498-99. Moreover, the court reads the facts set forth in the Complaint as suggesting that Suhr closed the investigation because Plaintiff's minor son did not corroborate the allegations of abuse Plaintiff was making against Gutierrez, not because Plaintiff had previously filed complaints against her. The court will not infer retaliatory animus from Plaintiff's speculative and conclusory allegations. On the court's own

6

motion, Plaintiff will be given an opportunity to file an amended complaint that states a retaliation claim upon which relief may be granted.

**D.     Conspiracy**

Liberally construed, Plaintiff alleges Defendants conspired to violate his rights. (*See* Filing No. 1 at CM/ECF p. 6 ("As a whole all the defendant's [sic] actions or inactions, collectively produced a result of a conspiracy to obstruct the justice of the plaintiff and his son . . .").)

Title 42 U.S.C. § 1985(2) makes it unlawful for "two or more persons [to] conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws . . . ." 42 U.S.C. § 1985(2). In addition, a plaintiff "must allege that an independent federal right has been infringed. Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights. The source of the rights or laws violated must be found elsewhere." *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004).

Plaintiff's conspiracy claims fail for two reasons. First, as discussed above, the independent federal rights Plaintiff claims were infringed were his rights to free speech under the First Amendment and to equal protection under the Fourteenth Amendment. However, Plaintiff has not stated a retaliation or equal protection claim upon which relief may be granted. Accordingly, Plaintiff's § 1985(3) claim cannot proceed pursuant to an alleged violation of Plaintiff's rights under the First or Fourteenth Amendment. Second, Plaintiff's conclusory allegations that a conspiracy existed between Defendants are insufficient to state a claim for relief. *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (per curium) (complaint subject to dismissal if allegations of conspiracy are inadequate; plaintiff must allege facts suggesting mutual understanding between defendants or meeting of minds). On the court's own

motion, Plaintiff will be given an opportunity to file an amended complaint that states a conspiracy claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The clerk's office is directed to set a pro se case management deadline in this case using the following text: **August 18, 2014**: Check for amended complaint.

DATED this 14th day of July, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.